**In re HOLLEY SPRINGS ESTATES, INC., Debtor.**

**Bankruptcy No. 89–10662.**

United States Bankruptcy Court, D. Rhode Island.

Sept. 6, 1989.

Allan M. Shine, Gregory W. Hamilton, Winograd, Shine & Zacks, P.C., Providence, R.I., for debtor.

Robert D. Wieck, Adler, Pollock & Sheehan Inc., Providence, R.I., for Fleet Nat. Bank.

**ORDER DENYING FLEET NATIONAL BANK'S MOTION FOR RELIEF FROM STAY AND DENYING FLEET NATIONAL BANK'S MOTION TO DISMISS**

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on August 29, 1989, on Fleet National Bank's ("Fleet") Motion for Relief from Stay, pursuant to 11 U.S.C. § 362(d)(1) and § 362(d)(2). Fleet wants immediate authorization to foreclose on property of the debtor, Holley Springs Estates, Inc. ("Holley Springs"), a real estate (condominium) development company, and relies on two grounds in support of the relief it is seeking. First, Fleet argues that under § 362(d)(1) it is entitled to relief from the automatic stay for cause, based on the Fifth Circuit decision *Matter of Little Creek Development Company,* 779 F.2d 1068 (5th Cir.1986). In the alternative, Fleet contends that it is entitled to relief from stay pursuant to § 362(d)(2), arguing that the property involved here (the entire fifty one acres) is not necessary to an effective reorganization of the debtor.

Upon consideration of the evidence presented during the hearing, as well as the arguments of counsel, we make the following rulings:

1. Fleet's Motion for Relief from Stay pursuant to § 362(d)(1) is DENIED, without prejudice.[1] We make this ruling based on the entire record, including the fact that this Chapter 11 case was just filed on July 25, 1989 and that the debtor is currently engaged in negotiations with two investor groups for the sale of the property. We also find that the "test" enunciated in the Little Creek case for ascertaining whether cause exists under § 362(d)(1) is not determinative, on the facts and at this point in the debtor's month old Chapter 11 case.

2. We also DENY, without prejudice, Fleet's request for relief from stay based upon § 362(d)(2).[2] Again, considering the short amount of time elapsed since the debtor's filing, we are not presently in a position to conclude that this property is not necessary to an effective reorganization. Moreover, if a reorganization is to take place, it can only occur through the utilization of the real property, since it is the sole asset of the debtor.

3. Finally, we find that the relief requested by each party exceeds that to which it is entitled at this early stage in the bankruptcy case. Because of a noticeable absence of specificity, we are not inclined to wait the four to six months proposed by the debtor to enable it to determine how to "reorganize." In our view, the debtor has not justified its request for that amount of time, and has failed to inform the Court as to what it expects to accomplish during that period. Nevertheless, we are mindful of the rights of the guarantor—principal of the debtor, and believe that some deference must be given to his interest, based on our present opinion that this very substantial loan was granted largely on the financial strength of said guarantor. For these reasons, we will grant the debtor forty five (45) days to file a plan of reorganization.

4. Fleet's Motion to Dismiss the bankruptcy case is likewise DENIED, without prejudice. The arguments and legal authorities advanced by Fleet in support of its Motion to Dismiss are identical to those presented in its Motion for Relief from Stay, and for the same reasons given regarding the Motion for Relief from Stay, we decline to dismiss the case at the present time.

Enter Judgment accordingly.

---

1. Section 362(d)(1) provides that:

   On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, conditioning such stay—

   (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

2. Section 362(d)(2) provides that:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(2) with respect to a stay of an act against property under subsection (a) of this section, if-

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.